IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **IN RE: FRANK CHMIELOWSKI** | § | |
| Debtor, | § | 13-10312 |
| | § | (Chapter 13) |

### ARMANDO GAMBOA'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Armando Gamboa, Party-in-Interest, and files this Objection to Confirmation of Debtor's Plan [Doc. 71], and would respectfully show to the Court as follows:

1. Violanda Zamora ("Zamora") filed Chapter 13 bankruptcy in 2011; Case No. 11-70011. Debtor Zamora has not confirmed a plan. In 2013, Debtor Zamora's husband ("Chmielowski") filed the instant Chapter 13 case. Debtor's plan [Doc. 71] proposes to reject all executory contracts. Armando Gamboa, a Party-in-Interest, has an interest in an executory contract subject to Debtor's plan. Pursuant to the Bankruptcy Code, Debtor cannot unilaterally reject Gamboa's interest.

2. At issue is a parcel of property which Debtors Zamora and Chmielowski were selling to Armando Gamboa ("Gamboa") under a contract for deed. The Property is:

> Lots One (1) and Two (2), Block 251, Original townsite of Edinburg, Hidalgo County, Texas, more commonly known as 300 E. University Dr., Edinburg, Texas.

After selling the Property to Gamboa, and Gamboa investing several hundred thousand dollars into the Property to improve it, Debtors Zamora and Chmielowski entered into a campaign to divest Gamboa of the Property and keep the improvements for themselves.

3. In Zamora's case, Debtor obtained an order rejecting Gamboa's interest in the property without notice to the Debtor. [Doc. 97] in Case No. 11-70011. Upon rehearing, the Court issued an Order denying the attempt to reject Gamboa's contract for deed in the Property. [Doc. 80] in Case No. 11-70011. Gamboa complied with the terms of the order. Debtor Zamora did not comply. The Court's instructions to Gamboa in late 2012 were to obtain financing to buy out Zamora's interest in the contract for deed. Gamboa has obtained funds to make the purchase. Debtors have been unwilling to honor the contract, and during the summer of 2013, nearly lost the property to the superior lienholder, VFC Properties 25, LLC. To prevent foreclosure on the Property, Debtor Chmielowski filed the instant bankruptcy case.

4. In spite of the Court's instructions that Gamboa obtain financing to pay off the contract for deed, Debtors have filed evictions on the Property, entered the Property repeatedly, collected money due to Gamboa from his tenants, and harassed Gamboa.

5. The Bankruptcy Code deals specifically with the treatment of executory contracts such as the contract for deed at issue here. 11 U.S.C. §365(i) provides:

> (1) If the trustee rejects an executor contract of the debtor for the sale of real property…under which the purchaser is in possession, such purchaser may treat the contract as terminated, or, in the alternative, may remain in possession of such real property….
> (2) If such purchaser remains in possession—
>     (A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of rejection of such contract caused by the nonperformance of any obligation of the debtor after such date, …. ; and
>     (B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but he is relieved of all other

Objection to Confirmation of Plan—Page 2
 (12-436)

obligations to perform under such contract.

**(j)** A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

Judge McGuire of the Northern District has addressed the implications of §365(i) in the case of a contract for deed. *In re Sheets*, 277 BR 298, 303 (Bankr. N.D. Tex. 2002):

> Section 365 then addresses specifically the rights of the party whose contract for deed (or lease) was rejected. Section 365 addresses two different factual scenarios. First, it provides that if the trustee rejects an executory contract of the debtor for the sale of real property under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property. 11 U.S.C. § 365(i)(1). If the purchaser opts to remain in possession, he or she must continue to make payments due under the contract. Thereafter, the trustee must deliver title to the purchaser under the terms of the contract.
> In the alternative, if the purchaser is not in possession of the real property, or if the purchaser opts to simply treat the contract as terminated, the Code grants the purchaser a lien on the debtor's interest in the subject property in an amount equaling that portion of the purchase price the purchaser paid. 11 U.S.C. § 365(j).

6.     Under Texas law, contracts for deed are "executory contracts" subject to the provisions of §365. *Sheets*, 277 B.R. at 303, *citng In re Von Keisler*, 166 BR 620 (Bankr. N.D. Tex. 1994); *In re Waldron*, 65 BR 169 (Bankr. N.D. Tex. 1986); *In re*

*Finley*, 138 B.R. 181 (Bankr. E.D. Tex. 1992); *Rancho Camberino v. BFW Ents. (In re Rancho Camberino)*, 89 B.R. 597 (W.D. Tex. 1987).

7. Gamboa is entitled, under §365(i) to elect to remain in possession of the property and continue making payments under the contract, or alternatively to return the property and assert a lien against same for his equity in the property. *In re Sheets*, 277 BR at 303. Debtor cannot simply cancel the contract with Gamboa and attempt to evict him from the property, as both Debtors have attempted to do.

8. Debtor's Plan proposes to reject Gamboa's executory contract in the property (See, ¶11) which he cannot unilaterally do, and further does not propose any treatment to deal with the lien Gamboa would have in the property if the executory contract is rejected. As to executory contracts, a Plan must comply with the provisions of §365 of the code. 11 U.S.C. §1322(b)(7). *In re Meehan*, 59 BR 380 (E.D.N.Y. 1986). Debtor's Plan does not comply with §365, because it neither accepts the executory contract, nor does it provide for payment of Gamboa's equity in the Property. The Plan, therefore, does not comply with the provisions of the bankruptcy code, and is not confirmable. 11 U.S.C. §1325(a)(1).

9. Armando Gamboa, Party-in-Interest objects to confirmation of Debtor's plan [Doc. 71], and moves that the Court DENY confirmation of Debtor's plan.

WHEREFORE, PREMISES CONSIDERED, Party-in-Interest Armando Gamboa respectfully prays that the Court grant the relief herein sought, and for all such other and further relief, at law or in equity, to which Creditor may show itself justly entitled.

              Respectfully submitted,

              **GUERRA LAW GROUP, PLLC**
              4201 North McColl Rd.
              McAllen, Texas 78504
              (956) 618-3000 Phone
              (956) 686-4200 Fax


By: _____/s/ *David J. Lumber*_____
       David J. Lumber
       State Bar No. 24002504
       S.D. Texas Bar No.: 22085


### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served via regular U.S. Mail and/or ecf service upon the following, on this ___21st___ day of March, 2014.

            _____/s/ *David J. Lumber*_____
            David J. Lumber